UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY BROWN | CIVIL ACTION |
| VERSUS | |
| BURL CAIN | NO. 09-924-A-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, February 22, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| GREGORY BROWN | CIVIL ACTION |
| VERSUS | |
| BURL CAIN | NO. 09-924-A-M2 |

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) and the Amendment to Petition for Writ of Habeas Corpus (R. Doc. 4) filed by petitioner, Gregory Brown ("Brown"). The State filed an opposition to Brown's habeas petitions (R. Doc. 26), in response to which Brown filed a reply memorandum (R. Doc. 32). The State also filed a sur-reply memorandum relating to certain issues upon which the undersigned ordered additional briefing (R. Doc. 36), to which Brown filed an additional response (R. Doc. 39).

**PROCEDURAL BACKGROUND**

Brown, along with two others, was charged by bill of information with the attempted second degree murder and armed robbery of Ikie Roberts, in violation of La. R.S. 14:27, 14:30.1, and 14:64, in the 20th Judicial District Court, Parish of East Feliciana, State of Louisiana. He was formally arraigned on January 12, 1999 and pled not guilty to the charges against him. Following a jury trial on April 13-14, 2000, Brown was found guilty as charged. On June 27, 2000, he was sentenced to fifty (50) years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on each of the charges against him, with the sentences to be served consecutively to each other.

1

Brown appealed his convictions and sentences to the Louisiana First Circuit Court of Appeals. His appellate counsel filed a brief, and petitioner also filed two (2) *pro se* appellate briefs. The First Circuit affirmed Brown's convictions and sentences on February 15, 2002. Brown then timely filed a writ application to the Louisiana Supreme Court on March 12, 2002. The Louisiana Supreme Court denied such writ application on April 4, 2003. Within ninety (90) days of the Louisiana Supreme Court's writ denial on appeal, Brown timely filed a writ application with the United States Supreme Court on June 25, 2003, which was denied on October 6, 2003.

On September 24, 2004, Brown filed a *pro se* application for post-conviction relief with the state trial court. He also filed an unopposed motion to hold his post-conviction relief application in abeyance until his conviction in an interconnected first-degree murder case became final, and statutorily-required counsel was appointed to represent him in that capital case.[1] Brown also reserved the right to supplement his application for post-conviction relief upon obtaining counsel.[2] The state trial court denied Brown's post-conviction relief application as untimely on March 15, 2005. The trial court also denied Brown's motion to hold his post-conviction proceedings in abeyance, finding that, since his

---

[1] In a separate but factually related case, a different state judicial district court sentenced Brown to death on two (2) counts of first degree murder. *State v. Brown*, 03-0897 (La. 4/12/05), 907 So.2d 1. Brown is also in state custody pending resolution of his post-conviction claims in that case, which are not the subject of the present habeas petition.

[2] In his unopposed motion to hold his post-conviction relief application in abeyance, Brown explained that counsel appointed to him for the limited purpose of representing him on his capital direct appeal contacted East Feliciana Parish District Attorney, Samuel D Aquilla, who related that the State had no opposition to holding Brown s post-conviction relief application in abeyance until such time as capital post-conviction counsel was appointed and, further, that the State had no objection to counsel being granted a reasonable amount of time to supplement and amend the *pro se* application once appointed.

post-conviction relief application was "prescribed," there [was] no valid reason for holding [it] in abeyance." Brown sought writs to the First Circuit Court of Appeals, which granted same on May 31, 2005 on the ground that his post-conviction relief application had been timely filed, and remanded the case back to the trial court for consideration of Brown's post-conviction relief claims on the merits. On June 17, 2005, Brown re-urged his motion to hold his post-conviction relief application in abeyance until post-conviction counsel was appointed in his capital case, and alternatively, sought appointment of counsel.

On July 8, 2005, the state trial court agreed to hold Brown's post-conviction relief application in abeyance until July 5, 2007. The court ordered Brown to notify it by July 5, 2007 of his intent to proceed with the application. Brown was also granted until August 5, 2007, to supplement or amend his original *pro se* post-conviction relief application. On June 28, 2007, Brown filed a motion to continue holding his post-conviction relief proceedings in abeyance until post-conviction counsel could be appointed. On June 29, 2007, the state trial court denied that motion for extension of time, stating the following:

> Defendant, Gregory Brown, has filed a motion dated June 28, 2007 requesting that his application for post-conviction relief previously filed in this court be held in abeyance for an additional period of time beyond that granted in this court's order of July 8, 2005. Further review of the record indicates that judgment denying defendant's appeal to the First Circuit Court of Appeal was rendered February 15, 2002 and defendant's writ application to the Louisiana Supreme Court was denied on April 4, 2003. The court notes that the defendant has now had approximately four years and four months within which to pursue his application for post-conviction relief. The court can find no good cause or reason for any further extension of time.

*See*, June 29, 2007 Order of state trial court.

While Brown's writ proceedings were pending concerning the above June 29, 2007 Order, the Capital Appeals Project agreed to represent him on a *pro bono* basis and filed, in the state trial court, a motion to enroll as counsel and for leave to supplement his pending *pro se* post-conviction relief application on January 31, 2008. On February 6, 2008, the state trial court allowed counsel to enroll but denied leave to supplement the post-conviction relief application, noting that "defendant was previously denied any further extension of time in which to proceed with his application for post-conviction relief. Unless the Supreme Court grants defendant an additional extension of time, the motion is untimely and moot." Despite such rulings by the trial court and prior to the Louisiana Supreme Court issuing a decision in Brown's writ proceedings regarding the June 29, 2007 Order of the trial court, Brown filed a "Proffer in Support of Application for Post-Conviction Relief," on March 11, 2008, in which he supplemented his *pro se* PCR application.

The day after Brown filed his "proffer" in the state trial court, Brown's counsel sent a letter to the Louisiana Supreme Court requesting that the Louisiana Supreme Court "withdraw [his] present writ application, vacate the stay order issued for purposes of appellate consideration of the counsel issue in this case, and remand the matter back to the district court for consideration of the merits of Mr. Brown's post-conviction application and proffer in support thereof." *See*, March 12, 2008 letter from Brown's counsel to Louisiana Supreme Court, R. Doc. 28-2. In response to that letter, the Louisiana Supreme Court issued an Order on May 29, 2008, wherein it stated the following:

> Granted. At relator's request, and upon showing that counsel, William Sothern, has enrolled to represent relator through post-conviction proceedings challenging his conviction for attempted second degree murder and armed robbery, relator's application for supervisory review is dismissed and this case is remanded

to the district court for further proceedings.

*State v. Brown*, 07-2104 (La. 5/29/08).

On June 25, 2008, the state trial court issued a ruling and judgment relating to Brown's post-conviction relief application. It first determined that Brown's March 11, 2008 "proffer" should not be considered because it was both "untimely and moot." The trial court then considered the merits of those claims that had been submitted in Brown's original *pro se* PCR application, denying them for lack of merit. Those claims were the following: (1) that newly discovery evidence (specifically, a letter written to Jonathon Booth by petitioner's co-defendant, Thompson, dated May 2, 1999) undermined the validity of Brown's convictions; (2) ineffective assistance of his trial counsel in that: (a) his trial counsel had a "long and troubling history of unprofessional and inadequate representation," (b) his trial counsel "failed to investigate this fact intensive case prior to trial thus leaving Brown without a defense" and failed to interview a defense witness called by his codefendant, Thompson; (c) his trial counsel failed to properly litigate his motion to suppress identification; (d) his trial counsel failed to properly litigate his motion for severance; (e) his trial counsel failed to object to improper jury instructions; and (f) the cumulative effect of errors by his trial counsel violated his right to counsel; and (g) ineffective assistance of appellate counsel in failing to raise "many other issues" on appeal that "could have been raised;" (3) the State failed to turn over *Brady* evidence (*i.e.*, petitioner's wedding ring) during discovery; and (4) a listing of several other alleged, general issues at petitioner's trial.[3]

---

[3] Those other issues include the following: (1) that Brown was convicted by a jury pool from which blacks, felons, women, and other groups were improperly exempted; (2) extra-judicial contacts tainted the jury deliberations; (3) the State failed to establish venue; (4) the grand jury foreperson was selected in violation of *Campbell v. Louisiana*; (5) instruction error, including a *Cage* violation and

Brown timely sought writs from the First Circuit Court of Appeals concerning the denial of his post-conviction relief application by the state trial court and regarding the state trial court's decision not to consider the "proffer" of evidence/arguments filed on March 11, 2008. The First Circuit denied Brown's writ application on November 14, 2008. On December 15, 2008, Brown hand-delivered and filed a writ application to the Louisiana Supreme Court raising the same issues, which was denied on October 16, 2009.

Brown filed his present, original habeas petition on October 26, 2009 as well as an amended petition on December 23, 2009.[4] The State initially opposed Brown's habeas petition on the ground that it was untimely-filed. On August 25, 2010, the Court adopted the undersigned's report and recommendation that Brown's habeas petition was timely-filed and ordered the State to respond to the merits of that petition. In its response filed on

---

an articulation requirement invalidated the verdict; (6) petitioner attempted to testify in his own defense but was told by retained counsel that he was not allowed; and (7) petitioner's trial and sentencing presented additional meritorious constitutional violations including juror misconduct, prosecutorial misconduct, and judicial misconduct. *See*, Post-Conviction Relief Application, pp. 16-17, ¶¶ 64-70.

[4] He asserts five (5) claims in his original petition: (1) jury misconduct polluted Brown's trial and rendered the verdict unworthy of confidence in violation of Brown's rights to a jury trial, confrontation, and a fair trial; (2) ineffective assistance of counsel because: (a) his trial counsel failed to object to erroneous jury instructions on the critical element of intent, (b) his trial counsel failed to investigate and prepare for trial, (c) his trial counsel failed to properly litigate the change of venue, (d) his trial counsel failed to properly litigate the motion to suppress identification, (e) his trial counsel failed to properly litigate the motion for severance, (f) his trial counsel has a history of failing to prepare for trial, (g) his appellate counsel rendered ineffective assistance, and (h) the cumulative effect of the ineffective assistance violated Brown's rights; (3) prosecutorial misconduct violated petitioner's rights because: (a) the prosecution withheld crucial impeachment evidence, (b) the prosecution withheld evidence that would have corroborated petitioner's defense theory, (c) the prosecutor suppressed information regarding his personal relationship with the victim, and (d) petitioner's failure to state specific facts to support his claim during post-conviction proceedings in state court was not an adequate reason to deny relief, and the state court should have granted him a hearing; (4) petitioner's right to testify was violated; and (5) petitioner was unconstitutionally convicted based upon a non-unanimous verdict. Through his amended habeas petition, Brown asserted a sixth claim that he was denied the presumption of innocence by the use of excessive security measures.

October 27, 2010, the State addressed the merits of all of the claims presented in Brown's original and amended habeas petitions, except for those that had been asserted in his "proffer" filed in state court on March 11, 2008, which the state trial court had declined to consider, during post-conviction proceedings, on the basis that it was "untimely and moot." The State contends the claims that were raised in Brown's proffer are procedurally barred and unexhausted.[5]

## **LAW & ANALYSIS**

A habeas claim can be procedurally defaulted in either of two (2) ways. First, if a prisoner has never "fairly presented" that claim to the highest available state court, the claim is unexhausted. *Rocha v. Thaler*, 2010 WL 4630794, *2 (5th Cir. 2010). Second, if the prisoner has presented the claim to the highest available state court but that court dismissed the claim on a state-law procedural ground instead of deciding it on the merits, the claim has been decided on an "independent and adequate" state-law ground. *Id.* "If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground

---

[5] Brown's present claims that were previously asserted in the proffer and that the State contends should not be considered by this Court are as follows: (1) Jury misconduct violated his right to a jury trial, his right to confrontation, and his right to a fair trial because (a) a seated juror misrepresented her relationship to petitioner and told other jurors during deliberations that petitioner had been in a mental institution where he committed arson, held a guard at gunpoint, and caused the guard to die of a heart attack, (b) a non-juror participated in jury deliberations, and (c) the cumulative effect of misconduct violated petitioner's rights; (2) His trial counsel was ineffective in failing to litigate a change of venue; (3) Ineffective assistance of appellate counsel; (4) Prosecutorial misconduct in that the State withheld the existence of plea bargains with two State witnesses and suppressed information as to the assistant district attorney's personal relationship with the victim; (5) Non-unanimous jury verdict violated petitioner's rights to a jury trial and due process; and (6) Denial of the presumption of innocence by the use of excessive security measures that undermined the fairness of the factfinding process and exposed the jury to unjustified indications that petitioner posed a safety risk.

for dismissal, the prisoner has procedurally defaulted his federal habeas claim." *Id.* The state procedural rule must be "both independent of the merits of the federal claim and an adequate basis for the court's decision." *Id.* A state procedural rule is an adequate basis for the court's decision only if it is "strictly or regularly applied evenhandedly to the vast majority of similar claims." *Id.* A state procedural rule operates independently of the merits of the federal claim when a federal court could reverse the state court's disposition of any federal-law issues presented by the petition and, because of the state court's resolution of the state-law issues, the outcome of the case would not change. *Id.*

The undersigned disagrees with the State that those claims Brown asserts herein, which were previously raised in his "proffer" filed in state court, are procedurally defaulted and unexhausted. While the last state court to render a reasoned judgment relative to Brown's post-conviction relief application (*i.e.*, the state trial court) expressly denied consideration of Brown's "proffer" on the basis that it was "untimely and moot" in its June 25, 2008 judgment, that court did not cite to any specific state procedural rule as the basis for that conclusion. Accordingly, the Court has no state procedural rule before it about which it can make a determination as to whether it is "independent and adequate."

Furthermore, while it appears that the state trial court determined that Brown's "proffer" was "untimely and moot" based upon the fact that the "proffer" was filed after the August 5, 2007 deadline that the trial court had set for the filing of amendments or supplements to Brown's *pro se* post-conviction relief application, the State has not presented, nor can the Court locate, any jurisprudence holding that a deadline set forth in a state court order can serve as an "independent and adequate" state procedural rule for

8

purposes of procedural default in the habeas context.  A scheduling deadline imposed by a state court order in a particular case is not a state procedural rule that is "strictly or regularly applied evenhandedly to the vast majority of similar claims," as is required to be an "adequate" procedural rule sufficient to bar federal habeas review. *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).

A recent case out of the U.S. Ninth Circuit Court of Appeals, *Wells v. N. Howton*, 2010 WL 4487128 (9th Cir. 2010), is persuasive and instructive on this issue.  In *Wells*, a federal district court had rejected as procedurally defaulted a habeas petitioner's claim of ineffective assistance of counsel and deprivation of due process and fundamental fairness. The petitioner had been unable to raise those claims in the state court system because the state trial court determined that he had failed to comply with its order requiring him to "immediately" file an amended petition for post-conviction relief. *Id.*, at *1.  That ruling was later upheld in a published decision of the state appellate court, and as a result, the petitioner's claims were never considered on their merits in state court.  In reviewing the federal district court's decision that the petitioner's claims were procedurally defaulted, the U.S. Ninth Circuit first noted that the procedure by which the post-conviction trial court had first granted the petitioner leave to file an amended PCR petition "immediately" but then later revoked that leave after deeming the filing not sufficiently "immediate" was, "to say the least, unusual, especially in light of the fact that [the petitioner] had just retained new counsel." *Id.*  The Ninth Circuit further found that, under applicable Oregon state law, post-conviction petitioners were regularly granted leave to file second and even third amended petitions, and its review of the applicable procedural rule concerning amendments (and

cases interpreting that rule) did not indicate that the petitioner would have had any indication of how "immediate" his amended PCR application needed to be filed, nor any reason to know that the trial court's leave could be revoked on the ground of a failure to file "immediately." *Id.* The Ninth Circuit found that the state trial court's "singular procedure" of denying the petitioner leave to file his supplemental application because it allegedly was not in compliance with the trial court's order was "neither firmly established nor regularly followed at the time it was applied to [petitioner]; therefore, it [was] not 'adequate' to bar the consideration of [petitoner's] claims." *Id.*

Similar to *Wells*, in the present case, the Court first finds it "unusual" that the state trial court granted Brown's motion to enroll counsel on February 6, 2008, yet denied consideration of the supplemental arguments that his newly enrolled counsel filed into the record through his "proffer" on March 11, 2008. As Brown points out in his sur-reply memorandum, the only way to give effect to his counsel's enrollment was to allow counsel to submit supplemental arguments and evidence on his behalf after enrolling. Furthermore, similar to Oregon state law, it appears that, under Louisiana law, state courts regularly allow appointed counsel to submit supplemental materials in post-conviction cases and that the Louisiana Supreme Court often remands cases to state district courts to exercise their discretion and determine whether supplementation is required by the interests of justice.[6]

---

[6] *See, State ex rel. Frank v. Cain*, 08-2393 (La. 5/20/09), 10 So.3d 717 (granting petitioner an extension of the deadline for filing a supplemental application for post-conviction relief); *State ex rel. Johnson v. Whitley*, 92-2689 (La. 1/6/95) (Case remanded to district court for appointment of counsel and a hearing to determine whether the petitioner timely filed his post-conviction relief application, and if the application was timely filed, to exercise its discretion and determine whether the interests of justice required that the petitioner be allowed to amend and supplement his timely filed application for post-conviction relief); *State ex rel. Duhon v. Whitley*, 92-1740 (La. 9/2/94), 642 So.2d 1273 (Remanding

Once a post-conviction relief application has been timely filed, a state trial court has discretion to allow a defendant to amend or supplement that application "in the interests of justice," even if the supplementation arrives after the expiration of the prescriptive period for filing a post-conviction relief application.[7]  *State ex. rel. Duhon v. Whitley*, 92-1740 (La. 9/2/94), 642 So.2d 1273.

In Brown's case, his timely-filed, original *pro se* PCR application had specifically reserved the right to submit supplemental material upon obtaining counsel, and the District Attorney had apparently indicated that the State had no opposition to allowing Brown to obtain counsel and file supplemental materials.  While the state trial court had set an August 5, 2007 deadline for filing supplemental materials, prior to that deadline expiring,

---

case to district court for it to exercise its discretion and determine whether the interests of justice required that relator be allowed to amend and supplement his timely filed application for post-conviction relief and specifically noting that La.C.Cr.P. art. 930.8 does not take away from district judges the discretion to allow amendment and supplementation of timely-filed pleadings ) ; *State ex rel. Berry v. State*, 02-1529 (La. 7/31/02 ) , 821 So.2d 490 (ordering the district court to consider both the petitioner ̦s original and amended post-conviction relief applications ) ; *Davis v. Cain*, 97-2390 (La. 6/20/97 ) , 695 So.2d 1342 (ordering the district court to hold a hearing at which it will consider all of the defendant ̦s claims, both those raised in the original application for post-conviction relief and the supplemental petition, and to issue a ruling as to all claims ) ; *Glover v. State*, 93-2330 (La. 9/5/95 ) , 660 So.2d 1189 (noting that *Duhon* provides additional assistance to inmates facing the constraints of [the two-year prescriptive period applicable to post-conviction relief proceedings] by ensuring that a petitioner who timely files an application for post-conviction relief will, in the discretion of the trial court and when justice requires it, have the opportunity to amend and supplement his application ̦) ; *State ex rel. Foy v. Whitley*, 92-1281 (La. 10/6/95 ) , 661 So.2d 455; *State ex rel. Weary v. State*, 07-1142 (La. 3/24/08 ) , 977 So.2d 941 (remanding case to district court, holding that district court ̦s judgment denying petitioner ̦s pro se application for post-conviction relief be vacated, and directing the district court to appoint the Capital Post-Conviction Project of Louisiana as counsel for the petitioner and to give counsel a reasonable opportunity to prepare and litigate expeditiously a supplemental application for post-conviction relief; *State ex rel. Hampton v. State*, 00-2523 (La. 8/31/01 ) , 795 So.2d 1198 (same ) ; *State ex rel. Duncan v. Cain*, 04-0593 (La. 12/17/04 ) , 888 So.2d 850 (same ) ; *State ex rel. Deal v. Cain*, 03-1809 (La. 4/2/04 ) , 869 So.2d 864 (same ) ; *State v. Irish*, 03-1810 (La. 4/2/04 ) , 869 So.2d 865 (same ) .

[7] Pursuant to La.C.Cr.P. art. 930.8, a defendant has two (2) years following the finality of his conviction and sentence within which to file a post-conviction relief application.

11

on June 28, 2007, Brown had requested an extension of time.[8] Although the state trial court denied that extension on June 29, 2007, Brown sought writs relative to that June 29, 2007 Order, which writ proceedings, in effect, stayed the filing deadlines in the case until those proceedings had been completed and the Louisiana Supreme Court had made a determination as to whether or not Brown was entitled to an extension of time to obtain counsel and to file a supplement. While the writ proceedings were pending, the state trial court allowed enrollment of counsel on February 6, 2008. Under the circumstances, the state trial judge's subsequent denial of consideration of the proffer,[9] which was filed approximately one (1) month after counsel enrolled, on the basis that it was not timely-filed in accordance with the August 5, 2007 deadline (a deadline which, as mentioned above, was likely stayed in any event), is not an "adequate" basis upon which to deny federal habeas review of the claims raised in the "proffer."[10] [11]

---

[8] According to Brown's reply memorandum, despite the fact that the state trial court had discretion to appoint counsel for him in his non-capital post-conviction case, it refused to do so. It instead allowed him two (2) years within which to obtain counsel while his capital appeal was pending. Through no fault of his own, he was not appointed counsel to represent him in his capital post-conviction case during those two (2) years, and he remains on a waiting list for representation in those proceedings. *See*, Footnote 14, page 12 of Brown's reply for an explanation as to why the delay in obtaining counsel is beyond his control.

[9] As in *Wells*, such "singular "discretionary decision by the state trial court cannot be considered a state procedural rule that is "firmly established or regularly followed."

[10] For a state procedural rule to be "adequate," it must be sufficiently clear at the time of the default to put the petitioner on notice of what conduct was required. *Ford*, at 423-24. Moreover, where there is confusion or uncertainty about state procedures, a procedural default is inadequate to bar federal habeas review. *James v. Kentucky*, 466 U.S. 341, 346 (1984). State courts are not permitted to bar federal habeas review by invoking arbitrary procedural rules "without adequate notice to litigants who, in asserting their federal rights, have in good faith complied with existing state procedural law." *Beard v. Kindler*, 130 S.Ct. 612, 619 (2009). In the present case, Brown was not sufficiently on notice at the time that he filed his "proffer "that the deadlines in his case had not been suspended by virtue of his having filed writ proceedings challenging the state trial court's decision denying him an extension of time;

Finally, the claims asserted in the "proffer" were exhausted in the state court system. Although the state courts declined to consider the merits of those claims, all that is required for purposes of satisfying the exhaustion doctrine is that the petitioner have "fairly presented" the claims to each of the state courts for review, which Brown did through the filing of his "proffer" with the state trial court and then by seeking writs to the Louisiana First Circuit Court of Appeals and the Louisiana Supreme Court following the state trial court's June 25, 2008 Judgment on his post-conviction relief application, wherein it declined consideration of his "proffer."[12] *See, Soffar v. Dretke*, 368 F.3d 441 (5th Cir. 2004)(Federal habeas petitioner's ineffective assistance of counsel claim was "fairly presented" to state court in satisfaction of exhaustion requirement, even though state post-conviction court did not rule on the claim on the basis that the evidence supporting it was irrelevant and inadmissible); *Green v. Nelson*, 595 F.3d 1245 (11th Cir. 2010)(To exhaust state remedies,

---

furthermore, the state trial court's arbitrary decision to allow him to enroll counsel yet to decline consideration of the materials filed by his counsel cannot be the basis for denying federal habeas review, where Brown appears to have made a good faith attempt to comply with all existing state procedural laws.

[11] The State completely failed to address the independent and adequate state ground doctrine in its briefs, for the obvious reason that it has no valid arguments to support its position relative to that doctrine. Accordingly, Brown's arguments concerning that doctrine could be deemed unopposed.

[12] The State contends that Brown failed to exhaust the claims in his "proffer" because they were only presented to the Louisiana First Circuit Court of Appeals and the Louisiana Supreme Court through supervisory writ applications. The State cites *Castile v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) for the proposition that an issue has not been "fairly presented" in the state courts when the claim has been presented for the first and only time in a procedural context in the state court system in which consideration of the merits is discretionary. While that proposition is true, it is inapplicable to the facts of this case because, although Brown presented the claims in his "proffer" to the Louisiana First Circuit and the Louisiana Supreme Court through writ applications (and those courts' decisions not to consider the merits of the "proffer" were therefore discretionary), he also first presented the claims in the "proffer" to the state trial court when he filed it in that court on March 11, 2008. The fact that the state trial court elected not to consider the merits of the "proffer" on the ground that it was "untimely and moot" does not mean he failed to present that court with an opportunity to consider it for purposes of exhaustion.

a federal habeas petitioner need only fairly present his federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights); 16A Fed. Proc. L.Ed. §41:269 (November 2010)(citing various cases)(If the federal claims have been "fairly presented" to each of the state courts, the petitioner has exhausted state remedies even if the highest state court does not actually rule on the merits of the claims, such as where the court dismisses, or refuses to hear, the claim on procedural grounds).[13] [14]

Thus, because both of the State's procedural objections (*i.e.*, procedural default and exhaustion) relating to the claims asserted in Brown's "proffer" are unfounded, it appears that the Court can consider the merits of those claims on habeas review. Prior to doing so, however, the State should be allowed an opportunity to respond to the merits of those claims. Accordingly, in the event the district judge agrees with this report and recommendation and adopts it as the Court's opinion herein, the State should simultaneously be ordered to respond to the merits of the claims Brown has asserted in these proceedings that were previously raised in his "proffer," with the exception of Brown's

---

[13] Whether the exhaustion requirement of 28 U.S.C. §2254 (b) is satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in a petitioner's brief in the state court; the absence in the relevant opinion of the state appellate court of any reference to the federal claim asserted by the petitioner does not necessarily mean that the claim was not fairly presented in the state court. *Id.*

[14] Because Brown's claims were not procedurally defaulted and were exhausted through the state court system, the undersigned finds irrelevant and need not consider the parties' arguments regarding whether the Louisiana Supreme Court ordered the state trial court to consider the "proffer" when it remanded Brown's post-conviction case back to the state trial court for "further proceedings" in its May 29, 2008 Order. Regardless of whether the state trial court was ordered to consider the "proffer" and it decided not to do so, the state trial court's articulated basis for declining to consider the "proffer" is not an "independent and adequate" state procedural ground for declining habeas review.

claim that a non-unanimous verdict violated his constitutional rights.[15] Brown has conceded that the non-unanimous verdict claim was not properly presented to the state courts and, moreover, that the Louisiana Supreme Court has "recently and repeatedly affirmed the constitutionality of the non-unanimous verdict." As such, there is no need for the State to address the merits of that claim.

## **RECOMMENDATION**

For the above reasons, it is recommended that the State of Louisiana's procedural objections relating to the claims that were asserted in petitioner's "proffer" filed in state court on March 11, 2008 are without merit and that the State should be ordered to respond to the merits of those claims, except for petitioner's claim that a non-unanimous verdict violated his constitutional rights.

Signed in chambers in Baton Rouge, Louisiana, February 22, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[15] The claims to which the State is to provide a response are set forth above in Footnote 5 of this report. Once the State provides a response on the merits as directed by the Court, the undersigned will issue another report and recommendation, which addresses the merits of all of Brown's claims together (*i.e.*, those claims that were asserted in his *pro se* post-conviction relief application as well as those asserted in his "proffer.").